UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRY Y. ZACH,

                Plaintiff,

vs.

TARGET CORPORATION, *et al.*,

                Defendants.

Case No.: 2:25-cv-00787-GMN-BNW

**ORDER GRANTING MOTION TO REMAND**

     Pending before the Court is the Motion to Remand, (ECF No. 4), filed by Plaintiff Terry Y. Zach.  Defendant Target Corporation filed a Response, (ECF No. 5), to which Plaintiffs filed a Reply, (ECF No. 7).

     Because there is not complete diversity of citizenship between the parties, the Court **GRANTS** Plaintiff's Motion to Remand.

**I.**    **<u>BACKGROUND</u>**

     This case arises from a negligence claim relating to a slip and fall that allegedly resulted in injuries to Plaintiff. (*See generally* Compl., Ex. A to Mot. Remand, ECF No. 1-4).  Plaintiff filed her initial Complaint in the Eighth Judicial District Court. (*Id.*).  Plaintiff brought this action after she slipped and fell at Target, asserting negligence claims against three defendants: Target, GK Development, Inc, and Executive Maintenance, Inc. (Compl. ¶ 2–4, 15, Ex. A to Pet. Removal, ECF No. 1-4).

     Defendant Target Corporation removed this case to federal court on the basis of diversity jurisdiction. (Pet. Removal, ECF No. 1).  Defendant argues that complete diversity of citizenship exists and that the amount in controversy is met. (*Id.*).  Plaintiff now seeks to remand to state court. (*See generally* Mot. Remand, ECF No. 4).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity is determined, and must exist, at the time the complaint is filed, and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A corporation is deemed to be a citizen of every state by which it is incorporated, as well as the state where it has its principal place of business. 28 U.S.C. § 1322(c)(1).

///

## III. DISCUSSION

Plaintiff moves to remand this case to the Eighth Judicial District Court due to a lack of complete diversity because Executive Maintenance and Plaintiff are both citizens of Nevada. (*See generally* Mot. Remand). The parties do not dispute that both Plaintiff and Executive Maintenance are both citizens of Nevada, which facially defeats diversity jurisdiction. Instead, Target argues that the case should not be remanded and asserts two different reasons why the Court should disregard Executive Maintenance's Nevada citizenship. (Resp. 5:21–22). Target first contends that the Court should disregard Executive Maintenance's citizenship because it was fraudulently joined to preclude diversity jurisdiction. (Resp. 4:23–26). Even if Executive Maintenance was not fraudulently joined, Target argues that its status as a dissolved corporate entity precludes it from being sued. (Pet. Removal 5:8–9). The Court considers each of Target's arguments in turn.

### A. Fraudulent Joinder

Target argues that Plaintiff's inclusion of Executive Maintenance is an attempt to defeat diversity jurisdiction through fraudulent joinder. (Resp. 4:23–26). Plaintiff rejects this claim. (Reply 2:13). District courts may disregard the citizenship of any defendant they deem to be non-diverse and has been fraudulently joined. *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 58 L. Ed. 544 (1914). There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). Any accusation of fraudulent joinder must be proven by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

There is a "general presumption against [finding] fraudulent joinder." *Hamilton Materials* 494 F.3d at 1206.

At first glance, the fraudulent joinder analysis resembles the Federal Rule of Civil Procedure 12(b)(6) analysis, but the Ninth Circuit has emphasized the two rules' distinctions, explaining: "[i]f a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined." *See Armstrong v. FCA US LLC*, 1:19-cv-01275-DAD-SAB, 2020 WL 6559232, *3 (E.D. Cal. Nov. 9, 2020) (quoting *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 560 (9th Cir. 2018)). But "the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Grancare*, 889 F.3d at 550. The district court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* Unless the defendant establishes that the plaintiff cannot amend its complaint to cure the purported deficiency, the court must grant remand. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

Target claims it can prove fraudulent joinder through Plaintiff's inability to establish a cause of action against Executive Maintenance. (Resp. 3:15–17). It argues that the Complaint does not contain any independent claims or specific allegations against Executive Maintenance and does not establish a cause of action against it. (Resp. 7:6–8). The Court agrees that the Complaint fails to state a claim against Executive Maintenance. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-4).

To state a negligence claim under Nevada law, the plaintiff must show that: (1) the defendant owed a duty of care to the plaintiff; (2) defendant breached that duty; (3) the breach was a legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages. Nev. Rev. Stat. 41.130. Here, while Plaintiff makes conclusory statements that all three Defendants harmed Plaintiff by breaching the duty of care they owed her, it does not provide any facts establishing

Executive Maintenance's connection to the negligence that purportedly caused Plaintiff's injury. (Compl. ¶ 31–50, Ex. A to Pet. Removal, ECF No. 1-4).  Without such facts, Plaintiff has not stated a claim for plausible relief against Executive Maintenance. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007))).

Though the Court finds that the Complaint fails to state a claim against Executive Maintenance, Target still bears the burden of proving that Plaintiff cannot amend its deficient pleadings and that there is no possibility that Plaintiff could prevail on any cause of action. *See Padilla*, 697 F. Supp. 2d at 1159.  A letter from GK Development's insurer that was attached to Plaintiff's Reply directed Plaintiff to contact Executive Maintenance's insurance company because Executive Maintenance was the day porter company for that Target location. (Hanover Letter, Ex. 3 to Reply, ECF No. 7-4).  That information supports a finding that Plaintiff could possibly amend its Complaint to state a claim against Executive Maintenance.

Target asserts that it is not possible for Plaintiff to successfully amend her Complaint against Executive Maintenance because the services agreement for porter services with Executive Maintenance terminated on January 31, 2022—three months before the incident in question. (Resp. 4:14–15).  But Target has not provided any evidence demonstrating the purported termination of the services agreement. (*See generally* Resp.).  Defendant bears the burden of proving fraudulent joinder by clear and convincing evidence; without any evidence of its claim that the services agreement with Executive Maintenance had already been terminated at the time of the alleged incident, Target has not met that burden. *See Hamilton Materials*, 494 F.3d at 1206.  Because Target has failed to prove that Executive Maintenance was fraudulently joined, the Court may not disregard Executive Maintenance's citizenship in determining whether there is complete diversity.

### B. Inactive LLC

Here, it is uncontroverted that there is diversity of citizenship between Plaintiff and Defendants Target Corporation and GK Development, Inc., but that Executive Maintenance is considered a citizen of Nevada (*See generally* Mot. Remand). Target asserts that Executive Maintenance cannot be a party because it is no longer an active entity. (Pet. Removal 5:1–9). Plaintiff rejects this claim and argues that although Executive Maintenance's corporate status in the state of Nevada has been revoked, its legal existence allows it to continue handling pending lawsuits. (Mot. Remand 7:23–24); (Reply 9:8–11). The question is whether the Court should disregard Executive Maintenance's citizenship for the purposes of complete diversity because it is not currently an active entity in the state of Nevada.

An LLC's right to transact business is forfeited when their charter is revoked. Nev. Rev. Stat. 86.274. But "the right to transact business that is forfeited on charter revocation does not normally include an LLC's capacity to be sued." *Luv N' Care, Ltd. v. Laurain*, No. 2:18-cv-02224-JAD-EJY, 2019 WL 4696399, at *2 (D. Nev. Sept. 26, 2019) (citing *AA Primo Builders, LLC v. Washington*, 245 P.3d 1190, 1195 (Nev. 2010)). In fact, dissolution of an LLC does not preclude any remedy or cause of action against its managers or members "within 3 years after the date of dissolution." Nev. Rev. Stat. 86.505. The same legal proceedings may be had if an LLC's charter is revoked. Nev. Rev. Stat. 86.274.

Although Executive Maintenance's charter is revoked and it no longer has the right to transact business, under NRS 86.274(5), it retains the ability to be sued. *See Luv N' Care,* No. 2:18-cv-02224-JAD-EJY, 2019 WL 4696399 at *2. Because Executive Maintenance was incorporated and had its principal place of business in Nevada, the Court finds that it is a citizen of Nevada for diversity purposes. Thus, with both Plaintiff and Executive Maintenance being citizens of Nevada, the complete diversity requirement is not satisfied, and the case must be remanded. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 4), is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Eighth Judicial District Court for Clark County, Nevada, for all further proceedings.

**DATED** this 11 day of July, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT